FREAR STEPHEN SCHMID, CSB NO. 96089
ATTORNEY AT LAW
177 POST STREET, SUITE 890
SAN FRANCISCO, CA 94108
TELEPHONE: (415) 788-5957
FACSIMILE: (415) 788-5958

Attorneys for Plaintiffs
ROSEMARY JENSEN and RANDY JENSEN

ORIGINAL FILED

JUL 1 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08 3440 JCS

ROSEMARY JENSEN AND RANDY JENSEN,

Plaintiffs,

v.

COUNTY OF SONOMA,

Defendant.

No.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF CIVIL RIGHTS AND FOR RELIEF UNDER C.C.P. §1094.5
[Jury Trial Demanded]

Plaintiffs, ROSEMARY JENSEN and RANDY JENSEN, allege as follows:

## JURISDICTION AND VENUE

1. This action arises out of violations of plaintiffs' civil rights under 42 U.S.C. §1983. Jurisdiction is proper under 28 U.S.C. §1357, and supplemental jurisdiction is proper under 28 U.S.C. §1367. This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b) in that defendants reside in this judicial district and all of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

2. Plaintiffs are Rosemary Jensen and Randy Jensen (hereinafter collectively referred to as "plaintiffs"), all of whom are citizens of the United States, citizens of the State of California and residents of the County of Sonoma, California.

3. Defendant, County of Sonoma (hereinafter "County"), is political subdivision of the State of California, and is a person within the meaning of 42 U.S.C. §1983.

## COUNT 1
### [Violation of 42 U.S.C. §1983]

4. At all times relevant hereto, plaintiffs were in the peaceable and rightful possession of approximately 20 acres of land, which included their place of residence and a place of established and grandfathered personal uses and business uses. Said 20-acre parcel is located in the unincorporated area of the County of Sonoma, California, at 50 Sonoma Mountain Road.

5. On or about December 29, 2006, defendant County sent plaintiffs a notice alleging zoning violations.

6. Plaintiffs responded by denying the allegations thereof, specifically asserting that plaintiffs' use was and is constitutionally protected as it was a pre-existing use and thus grandfathered and not subject to zoning provisions enacted after the grandfathered use, and further protected by plaintiffs' right to reasonable use of property, right to privacy, and right to self-expression.

7. The County on March 14, 2007 mailed plaintiffs' a "Notice of Violation" alleging plaintiffs use of the property violated the Sonoma County Zoning Ordinance. The notice of violation and the ensuing prosecution thereof by the County are part of a conscience and knowing violation of equal protection of the law constituting de facto spot-zoning and irritational, capricious and arbitrary interpretation of the zoning ordinance. Further, the prosecution of the alleged violation constituted an unreasonable deprivation of a substantial liberty and property interests of plaintiffs.

8. At the hearing to abate the alleged "violation," plaintiffs argued vehemently that the abatement proceedings were in violation of their fundamental rights under the United States Constitution and the California Constitution, specifically their protected and vested rights to the continued use of the property. Further, they argue that their

use was permissible under the zoning ordinance.

9. The County conducted the meeting in a fashion to totally obstruct, interfere, deny, deprive, and thwart plaintiffs' constitutional right to have a meaningful opportunity to be heard before an impartial decision maker. At the hearing, the County was contemptuous of plaintiffs and plaintiffs' counsel, were disruptive of plaintiffs' attempt to present their case, did not afford plaintiffs a reasonable opportunity to be heard and present their case, tried to intimidate plaintiffs and their counsel from presenting their case, and generally conducted the hearing in a manner not comporting to due process.

10. The hearing was conducted with total disregard of any organized fashion for presenting and rebutting evidence. Moreover, the County published policies unconstitutionally put the burden of proof on plaintiffs to prove the allegations against them as false, in clear contravention to due process. The County interfered with and denied plaintiffs' right to cross-examine witnesses. The hearing officer was clearly biased, prejudiced, predisposed against and contemptuous of plaintiffs and their rights, and prejudged the facts prior to the commencement of the hearing, and the hearing officer had a financial incentive to find against plaintiffs and had a financial stake in the outcome, under the County's policies.

11. Due to the way the hearing was conducted by the County, not only were plaintiffs denied their due process rights, both procedural and substantive, they were denied their First Amendment rights to petition to redress their grievances, due to the biased, obstructive and scornful manner in which the County conducted the meeting. The cumulative effect of the due process denials at the hearing is to deny plaintiffs meaningful access to the court.

12. After the hearing, an "Decision and Administrative Order" was issued on April 18, 2008 declaring the existence of violations on plaintiffs' property and ordered the abatement thereof by plaintiffs, the imposition of $8,257.00 in civil penalties, with further penalties to accrue if not abated within 45 days, and impositions of costs of

COMPLAINT

1  $2,973.75, and further directing a lien be placed on plaintiffs' property for abatement
2  penalties costs incurred by the County, the latter of which constitutes a significant
3  interference with and seizure of plaintiffs' property without a warrant. The civil penalties
4  were accessed in part due to plaintiffs' exercising their First Amendment rights and are
5  grossly excessive.

13. Said abatement order was and is unconstitutional, and in violation of plaintiffs' constitutional rights, impaired the contract represented by the stipulated judgment, and also was not based upon substantial evidence and in fact was contrary to the evidence presented.

14. The administrative order and the activities of the County present a clear and immediate threat of illegal seizure of plaintiffs' personal property in violation of the Fourth Amendment of the United States Constitution and unless enjoined, the County will proceed to unlawfully and unconstitutionally seize and destroy plaintiffs' personal property in violation of the Fourth Amendment.

15. By the foregoing acts, plaintiffs were deprived (or will be deprived unless enjoined) by the County of their constitutional rights as follows

    a) Their right of notice and meaningful opportunity to be heard by an impartial decision maker;

    b) Their right against impairment of contract, to wit the stipulated civil judgment recognizing their grandfathered use of their property;

    c) Their First Amendment Rights to free speech and right to petition;

    d) Their Fifth, Ninth, and Fourteenth Amendment rights to not be denied liberty and property without due process of the law, including their right to carry on a lawful business and a common trade and their right not to be subjected to malicious, arbitrary and capricious use of governmental authority and regulation;

    e) Their Fourth Amendment right against unreasonable seizure;

    f) Their Fifth Amendment right against excessive fines and

4

COMPLAINT

1            punishment; and

2            g)      Their right to equal protection of the law.

3      16.      Further, plaintiffs were deprived by the County of the corresponding rights afforded them under the California Constitution including their right to have, own, hold and defend real and personal property and be free of unreasonable seizures, the right to privacy, and the right to carry on a lawful business.

     17.      The County has a policy, practice and custom which foster, promote, condone, and further the conduct that the County inflicted on plaintiffs as above described. In addition, the County ratified and approved its acts, thereby making the acts of the County the official practice, custom, and policy of the County.

     18.      As a direct and proximate result of the acts of the County, plaintiffs have suffered general and special damages, including but not limited to emotional distress, humiliation, embarrassment, stress, anxiety, and physical upset to their central nervous system, and personal injury, all in an amount according to proof but in excess of $500,000.00. Further, plaintiffs are entitled to attorney fees.

     19.      The County will continue to violate their constitutional rights, and accordingly, plaintiffs will suffer irreparable damages unless the County is enjoined from such illegal conduct..

## COUNT 2
### [Violation of California Constitution, Article I, Section 1]

     20.      Plaintiffs incorporate and reallege as if set forth in whole, the allegations of paragraphs 1 through 19 above.

     21.      The acts of the County violated plaintiffs rights under the California Constitution, Article I, Section 1. As a direct and proximately result thereof, plaintiffs have suffered damages in the amount according to proof, but in excess of $500,000.00.

     22.      Further, the County threatens to continue to violate said rights, and accordingly, plaintiffs will suffer irreparable damage unless the County is enjoined from violating their rights under the California Constitution, Article I, Section 1.

**COUNT 3**
**[Relief Under California Code of Civil Procedure §1094.5]**

23. Plaintiffs petition this Court for an order as hereinafter requested under Code of Civil Procedure §1094.5, directed to the County of Sonoma, and by this verified complaint allege as follows:

24. Plaintiffs incorporate and reallege as if set forth in whole, the allegations of paragraphs 1 through 22 above.

25. Plaintiffs are beneficially interested in and aggrieved by the defendants' wrongful and unconstitutional conduct as alleged herein.

26. At all times mentioned herein, defendants have been and are now the agencies charged with administering the Napa County Zoning Ordinance.

27. On or about April 15, 2008, the Napa County Board of Supervisors conducted a hearing concerning abatement of alleged nuisances on the subject parcel. At the conclusion of said hearing, the Board voted to declare a "nuisance" and instructed plaintiffs to abate the nuisance and failing that the County would abate the "nuisance" at plaintiffs' expense. The Board further voted to subject the subject property to all expenses pertaining to the County's expenses in abating the alleged nuisance. Thereafter, the Chairman of the Board executed a resolution to said effect on April 15, 2008.

28. Said resolution and action by the Board of Supervisors are invalid under Code of Civil Procedure §1094.5, for the following reasons:

    a. Defendants proceeded in excess of its jurisdiction, in that they made erroneous determinations of law and acted in violation of plaintiffs' constitutional rights.

    b. Defendants failed to grant plaintiffs a fair hearing, as set forth above.

    c. Defendants committed a prejudicial abuse of discretion in that they misinterpreted the zoning ordinance, disregarded the stipulated

judgment, and failed to properly apply the law to the facts, illegally delegated their authority to County Counsel, and violated plaintiffs' constitutional rights a set forth above.

    d. Defendants failed to proceed in the manner required by law because they issued their resolution without any substantial evidence before them and failed to afford plaintiffs due process as set forth above.

    e. Defendants' resolution is not supported by substantive evidence.

    f. Defendants proceeded in excess of their jurisdiction and prejudicially abused its discretion by failing to proceed in the manner required by law as alleged above.

    g. Defendants' resolution is legally impermissible since the County is bound by the stipulated judgment which it constitutionally may not impair, and is judicially, collaterally, and equitably estopped from enforcing the resolution due to said judgment and plaintiffs' reasonable reliance thereupon.

29. Fundamental vested rights are involved in that plaintiffs' fundamental right to use their property and pursue their livelihood are at stake.

30. Plaintiffs have exhausted their available administrative remedies.

31. Plaintiffs do not have a plain, speedy, and adequate remedy in the ordinary course of law.

32. Plaintiffs have requested that a true and correct copy of the administrative record. A true and correct copy of the record will be lodged with the court before the hearing date.

WHEREFORE, plaintiffs pray judgment against defendants as follows:

1. Damages as against the County in an amount according to proof but in excess of $500,000.00;

2. An order, under Code of Civil Procedure §1094.5, directed to defendants

COMPLAINT

1. and compelling defendants to set aside its decision dated April 18, 2008, and directing defendants to honor plaintiffs' vested and protected rights and interests in the property and use thereof;

3. An injunction issue directed to defendants and compelling defendants to set aside its decision dated April 18, 2008, and directing defendants to honor plaintiffs' vested and protected rights and interests in the property and use thereof;

4. Costs, interest and attorney fees; and

5. Such other relief be granted that the court considers proper and just.

DATED: July 16, 2008

_____
Frear Stephen Schmid, Attorneys for
Plaintiffs ROSEMARY JENSEN and
RANDY JENSEN

## VERIFICATION

I, FREAR STEPHEN SCHMID, am attorney for plaintiffs in this proceeding. I have read the foregoing pleading and upon information and belief, believe the facts alleged therein are true and on that ground alleged that they are true.

I submit this verification under California Code of Civil Procedure §446, as the plaintiffs herein are absent from the county of my office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed on July 16, 2008, at San Francisco, California.

_____
Frear Stephen Schmid

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial in the above matter.

DATED: July 16, 2008

_____
Frear Stephen Schmid, Attorneys for
Plaintiffs DAVID D. WESNER, JANICE
L. WESNER, and DON WESNER, INC.

COMPLAINT