UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY JENSEN AND RANDY JENSEN., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SONOMA, <br><br> Defendant. | No. C-08-3440 JCS <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING LEAVE TO FILE AMENDED COMPLAINT [Docket No. 8]** |

## I. INTRODUCTION

Plaintiffs Rosemary and Randy Jensen ("Plaintiffs") brought this action against the County of Sonoma ("Defendant") after an administrative hearing that resulted in civil penalties and restrictions of the use of Plaintiffs' property. Plaintiffs sued on July 16, 2008, alleging violations of 42 U.S.C. §1983, a violation of the California Constitution, Article I, Section 1, and a claim under California Code of Civil Procedure §1094.5. Plaintiffs seek damages and injunctive relief. Defendant filed the present motion to dismiss on September 11, 2008. The hearing was held on November 14, 2008.

Defendant raises two principal arguments. First, because Plaintiffs have not sought review of the administrative decision in the state courts under California Rule of Civil Procedure §1094.5, they are precluded from bringing their claims in a federal action here. Second, Defendant argues that Plaintiffs' third cause of action under California Code of Civil Procedure §1094.5 fails to state a claim because the facts do not pertain to Defendant, and that even if they did, there is no federal jurisdiction over California state writ proceedings. Plaintiffs oppose the motion, arguing that the doctrine of claim preclusion is not applicable in this case, and even if the Court conducts a claim

preclusion analysis, the administrative proceeding below failed to provide adequate due process. Plaintiffs also argue that they have presented their CCP §1094 claim as count three of the complaint in this case, and that this satisfies any administrative appeal requirement. With respect to the third claim, Plaintiffs admit that the claim contains erroneous factual material, and seek leave to amend the facts of that claim. Plaintiffs contend that this Court has jurisdiction over the third claim based on supplemental jurisdiction. Thus, Plaintiffs argue that dismissal of these claims on a 12(b)(6) motion is inappropriate.

For the reasons set forth below, the Court DENIES Defendant's motion to dismiss, and GRANTS Plaintiffs' motion for leave for amend count three of the Complaint.

## II. BACKGROUND

### A. Factual Background and Procedural History

Plaintiffs Rosemary and Randy Jensen[1] possess approximately 20 acres of land located at 50 Sonoma Mountain Road in Sonoma County, which includes their residence and "a place of established and grandfathered personal uses and business uses." Complaint at ¶4. On December 29, 2006, Defendant sent Plaintiffs a notice of alleged zoning violations. *Id.* ¶5. Plaintiffs denied Defendant's allegations, and asserted that their use was "constitutionally protected as it was a pre-existing use and thus grandfathered and not subject to zoning provisions after the grandfathered use, and further protected by plaintiffs' right to reasonable use of property, right to privacy and right to self expression." *Id.* ¶6.

On March 14, 2007, Defendant mailed Plaintiffs a "Notice of Violation" alleging that Plaintiffs' use of their land violated a Sonoma County Zoning Ordinance. *Id.* ¶7. Specifically, Defendant alleged that Plaintiffs were using their property as a non-operative motor vehicle storage yard, "non-operative motor vehicles, truck or equipment terminal or depot, and junkyard conditions" in violation of Sonoma County Code, Sections 26-08-010, 26-08-020, 26-08-030 and 26-92-200. Defendant's Request for Judicial Notice ("RJN"), Exh. A, pp. 12, 13. On May 9, 2007, Plaintiffs received a second "Notice of Violation," which indicated that Defendant had inspected the property

---

[1] The property owner of record is Rosemary Jensen. Randy Jensen is Rosemary Jensen's son.

and confirmed that the alleged unlawful use of the property was ongoing. *Id.* p. 13. The notice stated:

> This letter is to advise you that this Department will be proceeding with an administrative abatement hearing pursuant to Sonoma County Code Section 1-7.3 to obtain an order requiring that the unlawful use cease. In addition, the Department will seek civil penalties and the costs of abatement under Sections 1-7 and 1-7.1, Sonoma County Code.

*Id.*

On May 17, 2007, Plaintiffs' counsel sought a deferment of any administrative proceedings due to family emergencies that prevented Plaintiffs from obtaining the necessary building permits to accommodate their "car hobby." *Id.* p. 14. Thereafter, the hearing was rescheduled in order to accommodate Plaintiffs' counsel's schedule. *Id.* p. 16

On March 7, 2008, a hearing was held at which Plaintiffs "argued vehemently that the abatement proceedings were in violation of their fundamental rights under the United States Constitution and the California Constitution, specifically, their protected and vested rights to the continued use of the property." Complaint ¶8. They also argued that their use was permissible under the ordinance. *Id.* Plaintiffs allege that Defendant conducted the hearing in a manner that prevented them from being heard before an impartial adjudicator. *Id.* ¶9. Plaintiffs argue that: (1) the County was contemptuous of them and their counsel; (2) the hearing officer was disruptive of their attempt to present their case; (3) they were not afforded a reasonable opportunity to be heard and present their case; (4) they were intimidated; (5) the burden of proof was impermissibly placed on them to disprove the allegations against them; (6) Defendant interfered with and denied Plaintiffs' right to cross-examine witnesses; (7) the hearing officer was biased against them and "prejudged the facts prior to commencement of the hearing"; and finally (8) the hearing officer had an incentive to find against Plaintiffs because the hearing officer had a financial stake in the outcome under the County's policies. *Id.* ¶¶ 9, 10. In addition to violating their procedural and substantive due process rights, Plaintiffs argue that they were deprived of their First Amendment right to petition and redress their grievances due to the manner in which the hearing was conducted. *Id.* ¶11.

According to Defendant, Sonoma County has adopted quasi-judicial procedures that govern zoning abatement hearings. RJN, Exh. B. The ordinance appoints hearing officers to hear zoning

abatement appeals.  Defendant asserts that the list of potential hearing officers was provided to Plaintiffs prior to the hearing, and that Plaintiffs were given an opportunity to object.  *Id.* Exh. A p. 15, 18.  Plaintiffs were also notified that they could present oral and documentary evidence at the hearing.  *Id.* p. 19.

Following the hearing, a "Decision and Administrative Order" was issued by the hearing officer finding Plaintiffs in violation of the ordinance, and ordering abatement by Plaintiffs. Complaint, ¶ 12.The officer also imposed $8,257.00 in civil penalties with further penalties to accrue if the use was not abated within 45 days, imposition of $2,973.75 in costs, and further ordered that a lien be placed on Plaintiffs' property.  *Id*. Plaintiffs allege that these penalties constitute a "seizure of plaintiffs' property without a warrant" and were imposed "in part due to plaintiffs' exercising their First Amendment rights."  *Id.* at ¶ 12.  The Sonoma County Decision and Administrative Order provided that the decision is final, and subject to judicial review "in accordance with California Code of Civil Procedure Sections 1094.5 and 1094.6.  Judicial review must be sought no later than the 90th day following the date on which this Decision becomes final. . ."  RJN Exh. A., p. 3. Plaintiffs do not dispute that the decision was served on them and their attorney.  There is also no dispute that Plaintiffs did not seek judicial review in the California courts pursuant to CCP §1094.5 and §1094.6.

**III.  ANALYSIS**

    **A.  Motion to Dismiss Standard**

A complaint may be dismissed for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P 12(b)(6).  A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Incl v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotations omitted; emphasis in original). For purposes of resolving the motion, courts accept all allegations of material fact as true and construe the complaint in the light most favorable to the nonmoving party.  *Nat'l Wildlife Fed'n v. Espy*, 4 F.3d 1337, 1380 (9th Cir.1995).

**B.  Request for Judicial Notice**

The Defendant requests that the Court take judicial notice of two matters outside the pleadings: (1) County of Sonoma Decision and Administrative Order, with its Exhibits (attached to RJN as Exhibit A); and (2) Resolution No. 87-2044 of the Board of Supervisors of the County of Sonoma Appointing Hearing officers and establishing Uniform Quasi Judicial Hearing Procedures for the Conduct of Zoning Abatement Appeals pursuant to Chapter 26 of the Sonoma County Code (attached to RJN as Exhibit B).  Plaintiffs object to the request for judicial notice "to the extent defendant is seeking recognition of the truth of the matters in the exhibits."  Plaintiffs' Opp. at 2, n.2.

Under Rule 12(b)(6), if "matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."  Fed.R.Civ.P. 12(b).  Under the "incorporation by reference" rule, however, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).   In addition, the Court may take judicial notice of records of an administrative body. *See Mack v. South Bay Beer Distributors, Inc*., 798 F.2d 1279, 1282 (9th Cir. 1986) (holding that courts may also take judicial notice of the "records and reports of administrative bodies").  Plaintiffs do not challenge the authenticity of these documents.

Accordingly, the Court may take judicial notice of the following documents as records and reports of an administrative body: (1) County of Sonoma Decision and Administrative Order, with its Exhibits (attached to RJN as Exhibit A); (2) Resolution No. 87-2044 of the Board of Supervisors of the County of Sonoma Appointing Hearing officers and establishing Uniform Quasi Judicial Hearing Procedures for the Conduct of Zoning Abatement Appeals pursuant to Chapter 26 of the Sonoma County Code (attached to RJN as Exhibit B).

### C. Claim Preclusion

In support of its motion to dismiss, Defendant argues that counts one and two of the complaint alleging violations of 42 U.S.C. §1983 and a violation of the California Constitution are barred by Plaintiffs' failure to pursue a writ of mandate under California Code of Civil Procedure §1094.5 and/or §1094.6. Under *Miller v. County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994), Defendant asserts that the Sonoma County ruling should be given preclusive effect in this federal case.[2]

Plaintiffs argue that claim preclusion under *Miller, supra,* is "inapposite" due to the existence of a CCP §1094.5 claim in count three of the Complaint and inappropriate here due to the infirmities of the administrative proceedings.

In *Miller*, the Ninth Circuit affirmed a grant of summary judgment for the defendant in a §1983 action on the ground that the administrative decision sustaining the plaintiff's dismissal from his employment precluded the subsequent federal court action. After Miller was dismissed from his employment, he contested his dismissal before the Santa Cruz County Civil Service Commission. The Commission held a full evidentiary hearing at which Miller was represented by counsel, was permitted to present evidence, and call witnesses. *Miller*, 39 F.3d at 1032. The Commission affirmed his dismissal. *Id.* Miller was permitted to seek judicial review of that adverse decision under California Code of Civil Procedure §1094.5. *Id.* Miller opted to file a federal §1983 action instead. *Id.* The court held that the unreviewed administrative claim precluded plaintiff's federal claim. The court found that three distinct "fairness requirements" must be established before a prior administrative decision can act as a bar to a federal §1983 action: (1) the administrative agency must act in a judicial capacity; (2) the agency must resolve disputed issues of fact properly before it; and (3) the parties must have had an adequate opportunity to litigate. *Id.* at 1033 *citing United States v. Utah Construction & Mining,* 384 U.S. 394, 422 (1966).

---

[2] As a threshold matter, it is well-established that there is no exhaustion requirement for claims arising under 42 U.S.C. §1983. *Patsy v. Bd. of Regents*, 547 U.S. 496, 516 (1982). In *Patsy*, the Court held that exhaustion of state administrative remedies is not a prerequisite to a federal civil rights action under 42 U.S.C. §1983. The issue in the present case is claim preclusion, not exhaustion of administrative remedies.

6

In the present case, Defendant argues that Plaintiffs did not first seek to overturn the Sonoma county administrative ruling through a writ of mandate under Cal. Code of Civil Procedure §1094.5. Relying on *Miller*, Defendant argues that this Court must dismiss the case. The Court finds that dismissal based on claim preclusion is inappropriate at this stage of the proceedings.

First, there is a strong argument that claim preclusion does not apply to at least some of the claims in this case.[3] A decision from the Eastern District is instructive. *Guru Nanek Sikh Society of Yuba v. County of Sutter,* 326 F.Supp.2d 1128 (E.D. Cal. 2003). There, the district court rejected a claim preclusion argument similar to the one asserted by Defendant here on the ground that the claims presented in the federal lawsuit were different from the claim that was presented to the administrative body. *Id.* at 1133. In the federal action, plaintiff alleged violations of his constitutional rights, based in part, upon the actions of the Board of Supervisors in reversing a decision of the County Planning Commission. It was "the allegedly discriminatory nature of that decision, that gave rise to plaintiff's claims." *Id.* The court reasoned:

> It would be counterintuitive, to say the least, for a federal court to shield local government officials from scrutiny under the Constitution and federal civil rights laws by giving preclusive effect to their allegedly discriminatory decisions. Federal common law does not command such an abdication of judicial responsibility.

*Id.* at 1134.

As in *Guru Nanek*, some of Plaintiffs' alleged constitutional violations here arise out of the conduct at the hearing in this case. Plaintiffs assert due process violations and violations of the First Amendment. Complaint, ¶¶ 9, 10, 11. *Miller*, *supra*, is therefore distinguishable. If Miller's claim had included constitutional challenges to the conduct of the Santa Cruz Civil Service commission, then the case would be similar to the facts here.[4]

---

[3]Plaintiffs erroneously argue that the claim preclusion analysis of *Miller* is "wholly inapposite here" due to the third claim of their complaint which seeks judicial review under CCP §1094.5 *here* in federal court. This argument is without merit. For the reasons set forth below, however, the motion to dismiss is denied on other grounds.

[4]In its reply brief, Defendant cites *Swartzendruber v. City of San Diego,* 3 Cal.App.4th 896 (1992), in support of its argument that the civil rights claims could have (and should have) been litigated before the administrative hearing officer. There, the court examined the scope of the claim filed in state court in order to "determine if it encompasses the same primary right that was at stake in the Commission proceeding." *Id.* at 908. The court held that the plaintiff's allegation simply restated her

Plaintiffs also argue that the administrative hearing officer did not have the authority to render a decision on the constitutional issues raised at the hearing. Plaintiffs' Opp. at 5 (citing California Constitution, Article III, Section 3.5, which prohibits administrative agencies from making constitutional determinations as to the constitutionality of laws). There are two categories of constitutional claims in this case: (1) Plaintiffs allegations that the zoning laws as applied to them, are unconstitutional and specifically, violate their constitutional rights under the Fourth, Fifth, Ninth and Fourteenth amendments to the Constitution; and (2) allegations claims related to the constitutional deficiencies of the administrative abatement hearing itself. It is not clear from the current record, whether the hearing officer in this case had the authority to decide these constitutional claims. Accordingly, it would be inappropriate, at this stage of the proceedings, to preclude further review of Plaintiffs' constitutional claims in federal court.

Even if the issues before the Sonoma County zoning abatement hearing officer and the claims of the complaint were the same, it is arguable that the administrative process did not provide the necessary procedural safeguards to meet the requirements set forth by the Supreme Court in *Utah Construction, supra*. The initial inquiry in a claim preclusion analysis such as the one in the present case is whether the *Utah Construction* fairness requirements are met. *See Miller, supra; see also Misischia v. Pirie*, 60 F.3d 626, 629 (9th Cir. 1995) (findings of administrative agencies must satisfy both State requirements and *Utah Construction* factors to have preclusive effect in federal court). It is not just a simple matter of ascertaining whether the claims were first brought in state court by writ of mandamus. This Court must analyze the administrative proceeding in order to determine whether it comported with basic due process requirements. *Miller* is clear that an administrative ruling is only entitled to preclusive effect when that proceeding "was conducted with sufficient safeguards to be equated with a state court judgment." 39 F.3d at 1032. *See e.g., Embury v. King*, 191 F.Supp.2d

---

cause of action for wrongful termination in constitutional terms. Defendant's reliance on *Swartzendruber* is unpersuasive. In the present case, Plaintiffs have filed constitutional claims based, in part, upon the conduct of the hearing officer and the lawfulness of the ordinance in this case. That claim could not have been decided by the hearing officer. Defendant also relies upon *Miller* to argue that the Ninth Circuit "extended its holding even to claims that the underlying administrative proceeding violated constitutional principles." Defendant's Motion at 5. The court in *Miller* does not appear to have been presented with that issue, so it cannot be said that the holding was "extended" to include claims challenging the conduct and procedures of an administrative hearing.

8

1071, 1082 (N.D.Cal. 2001) (distinguishing *Miller* and declining to give preclusive effect to unreviewed agency decision where hearing lacked procedural safeguards).

The first two *Utah Construction* requirements do not appear to be at issue in this case. The question here is whether the Plaintiffs had an "adequate opportunity to litigate" before the Sonoma County Permit and Resource Management Department sufficient to preclude Plaintiffs' federal claims.

Defendant argues that the "quasi-judicial hearing" before the Sonoma County office contained the following procedural safeguards: (1) Plaintiffs were represented by counsel; (2) Plaintiffs were able to present oral and documentary evidence; and (3) Plaintiffs were able to challenge the randomly-selected hearing officer from a list that had been provided to them in advance of the hearing. Defendant's Opp. at 4. Plaintiffs allege in their complaint, however, that: (1) they were not permitted to conduct any cross examination of witnesses; (2) the hearing was conducted "with total disregard of any organized fashion for presenting and rebutting evidence"; (3) the hearing officer was biased against them due to a "financial incentive" in the outcome of the case; (4) the hearing officer arbitrarily shortened the hearing; and (5) the county policies improperly shifted the burden onto them to disprove the allegations against them. Complaint, ¶¶ 9, 10, 11.

On a motion to dismiss, the Court must accept the allegations of the complaint as true. If Plaintiffs' allegations are accepted as true for purposes of this motion, then Plaintiffs may successfully argue that they did not have an "adequate opportunity to litigate" their claims. While this case is not nearly as extreme as *Embury v. King*, 191 F.Supp.2d 1071 (declining to give preclusive effect where plaintiff was not given an administrative hearing at all), the record does not establish that Plaintiffs here were given the opportunity to subpoena, call witnesses or cross examine witnesses under oath. *See e.g., North Pacifica v. City of Pacifica*, 366 F.Supp.2d 927, 933 (N.D. Cal. 2005) (record failed to establish that plaintiff could have presented evidence or subpoena, call or cross-examine witnesses under oath, or subpoena documents).

The Court cannot decide this issue on a motion to dismiss. Defendant's argument is more appropriate for resolution on a motion for summary judgment, when the parties can present evidence in the form of a more complete administrative record.

9

**D. Plaintiffs' Third Claim (state law cause of action)**

Defendant argues that Plaintiffs' third cause of action must be dismissed because: (1) Claim three contains allegations that have nothing to do with Defendant[5] and (2) even if it alleged sufficient facts against this Defendant, it is predicated upon California Code of Civil Procedure 1094.5, which can only be brought in state court. With respect to Defendant's first argument, Plaintiffs concede that errors are contained in the complaint, which are the result of Plaintiffs' counsel's failure to properly "excise allegations from another complaint." Plaintiffs' Opp. at 2. Plaintiffs seek permission to amend this claim to allege the proper facts. At the hearing in this matter, Defendant stated that it had no objection to Plaintiffs' request.

The Court GRANTS Plaintiffs' request. Rule 15 of the Federal Rules of Civil Procedure provides that the Court "should freely give leave [to amend] when justice shall require." Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is liberal, the court may deny a motion for leave to amend where permitting an amendment would cause "undue delay in the litigation or prejudice the opposing party." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). First, Defendant does not argue that it will be prejudiced or that any undue delay will result if Plaintiffs are permitted to correct the minor errors in their complaint. Second, if this Court finds that the first two claims are properly before it, then the Court would apply California law to Plaintiffs' state law claim, which could remain before the Court under supplemental jurisdiction. *See City of Chicago v. International College of Surgeons*, 522 U.S. 165 (1997); *Hillery v. Rushen*, 720 F.2d 1132, 1138 (9th Cir. 1983) ("Federal courts exercising pendent jurisdiction over state law claims must apply state law as the state's highest court would") (*citing Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967)).

---

[5]Specifically, Plaintiffs' complaint refers to a "Napa County Zoning Ordinance" and a hearing conducted in April of 2008 by the Napa County Board of Supervisors and a resolution conducted by the chairman of the board on April 15, 2008.

**IV. CONCLUSION**

For the reasons stated above, the Defendant's motion is DENIED; Plaintiffs' request for leave to file an amended complaint is GRANTED.

IT IS SO ORDERED.

Dated: November 25, 2008

JOSEPH C. SPERO
United States Magistrate Judge